Minshall, C. J.
At the May term, 1890, of the Court of Common Pleas of Lawrence county, Alfred Chinn, the plaintiff in error, was convicted and sentenced to imprisonment in the penitentiary of the state for one year, upon an indictment, found at the same-term, charging him with having committed adultery on August 10, 1879, with one Ann *578 Rafferty; who, as is averred, was related to him by affinity nearer than cousins, both having knowledge of the relationship.
From a bill of exceptions taken at the trial, it appears that the state offered evidence and proved: “ 1st. That Mary Chinn and Thomas Rafferty are brother and sister by consanguinity. 2d. That on or about January 1, 1867, said Thomas Rafferty married Ann 'Rafferty, who has ever since been his wife. 3d. That on or about September 9, 1875, the defendant Alfred Chinn married said Mary Chinn, who has ever since been his wife. 4th. That the foregoing connection by marriage is the only relationship that has ever existed between the defendant, Alfred Chinn, and the said Ann Rafferty.” And, also, that Alfred Chinn and Ann Rafferty had intercourse with knowledge of their relation as charged in the indictment.
At the close of the testimony for the state, the counsel for the defendant asked the court to charge the jury, that if they found the facts to be as just stated, they should return a verdict of not guilty. But the court refused to do so, and charged the jury in substance that if the parties were related by marriage as stated, “ then the said Ann Rafferiy was the sister by affinity (commonly known as sister-in-law) of said defendant, Alfred Chinn, and that they were nearer akin by affinity than cousins.” f
An exception was reserved to the charge of the court and to its refusal to charge as requested; and, a motion for a new trial having been made and overruled, to which an exception was also reserved, the court sentenced the defendant to be imprisoned as before stated.
The indictment in this case was based upon the provisions of section 2, chapter 9, of the act “ to amend, revise and consolidate the statutes relating to crimes and offences ” that took effect July 1, 1877. It read as follows: “Section 2. Persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, whoncommit adultery or fornication together, shall be imprisoned in the *579 penitentiary not more than ten years nor less than one year.” (74 Laws, 279.)
Though the act containing this provision was repealed by the act of 1880, codifying the general statutes of the state, the section itself was re-enacted and carried into the revision without change in the phraseology, where it appears as section 7019, Revised Statutes; and, though the offense charged in the indictment is laid as having been committed before the repeal, yet, by virtue of section 79, Revised Statutes, the right of the state to prosecute for existing offences, was not affected by the repeal. Railroad Company v. Belt, 85 Ohio St. 479, 481.
The question then arises whether upon the proof offered by the state, the defendant is related by affinity to Ann Rafferty, that is, whether they are related as brother and sister-in-law; for, if so, then upon the authority of Stewart v. State, 89 Ohio St. 152, they are related to each other nearer by affinity than cousins.
The term affinity as used in determining the persons between whom marriage may be lawfully solemnized, and those between whom sexual intercourse is to be regarded as incestuous, has received in law by its application and use a definite signification; and we must assume that the legislature in enacting this section, defining the crime of incest, used it in the same sense. It expresses the relationship which arises by marriage between one of the parties and the blood relations of the other; but it does not include those only related by affinity to the other. As sometimes stated the consanguinei of the wife are the affines of the husband, and vice versa; but the affines of the wife are not those of the husband, nor are the affines of the husband those of the wife. 2 Stephen’s Com., 285. It is thus defined by Erskine in his Institutes, 1. b. 6. t. § 8, “ Affinity is that tie which arises in consequence of marriage betwixt one of the married pair and the blood relatives of the other; and the rule of computing its degrees is, that the relations of the husband stand in the same degree of affinity to the wife, in which they are related to the husband by consanguinity; which *580 rule holds also, e converso, in the ease of the wife’s relations. Thus where one is brother by blood to the wife, he is brother-in-law, or by affinity, to the husband. But there is no affinity between the husband’s brother and the wife’s sister, which is called by the doctors affinitas affinitatis: because then the connection is formed, not between one of the spouses- and the kinsmen of the other, but between the kinsmen of both.” See also, 1 Bouvier’s Law Die., “ Affinity,” and the same, Brown’s Law Dictionary; 1 Am. & Eng. Enoy. of Law, 815 and notes ; 1 Bl. Comm. 435, Christian’s note. In the note just cited it is said, “ though a man is related to his wife’s brother by affinity, he is not so to his wife’s brother’s wife, whom, if circumstances would admit, it would not be unlawful for him to marry,” and hence intercourse between them, however immoral, would not be incestuous.
The section of the crimes act defining and punishing incest prior to the revision of 1877, simply designated the persons, by the relationships in which they stood, between whom sexual intercourse was punished as an offense (S. & C., 405) ; and it will be perceived that those arising from marriage, as step-father and step-daughter, step-mother and step-son, siipT ply included cases of intercourse between one party to the marriage and a blood relative of the other, following as far as it went, the established rule for the determination of relationship by affinity; and we see no reason for supposing that the legislature in its revision of the crimes act, intended to depart from this general rule, and establish a kind of relationship by marriage unknown to the law. The fact that more remote degrees of such relationship are included, argues nothing, as effect can be given to this extension, without departing from the principle upon which relationship by affinity is determined.
It then appears that, upon the proof offered by tbe state, the defendant should have been acquitted, and the court erred in charging as it did. There is no relation by affinity nor consanguinity between the defendant and Ann Rafferty; she ■ is simply an affinis and not a consanguineus of Mary .Chinn, the defendant’s wife; or, in other words, she is sim *581 ply the wife of the defendant’s wife’s brother, Thomas Rafferty.
The case is clearly distinguishable from that of Stewart v. State. The case is briefly reported, but an examination of the record on file, shows that Etta Drake, with whom the offense was committed, was the sister of the defendant’s wife ; and, therefore, related to him by affinity, because related to his wife by consanguinity.
The indictment does not charge any other offense than that of incest, as it is not charged that the defendant cohabited with Ann Rafferty in a state of adultery; and, since it appears from the proof offered by the state that the defendant is not guilty of the offense charged, the judgment should be reversed and the defendant discharged.

Judgment accordingly.